JACOB T. THORNDIKE *vs.* EMERSON ROKES.

Knox. Opinion August 6, 1884.

*Shipping. Charter-party. Master. Charterer. Agent.*

Under a charter-party with the master to carry a full cargo of promiscuous timber from ports in Virginia to a port in Maine, the charterer paying "for the use of the vessel" for the voyage so much per ton for the amount carried, the master is not liable in damages for not taking timber too large for a vessel of the size and character of his vessel, properly equipped and fitted for such a voyage, to take.

Even if the master, without his fault, was unable to take on board some sticks tendered to him at one port, the loading to be completed at another port, on the same bay, still he had no right to attempt to tow the sticks by his vessel to the second port, at the risk of the charterer, without the consent of the charterer, or of some one authorized in his behalf.

The charterer was not present at the loading. A person of whom he purchased the lumber at the first port, delivered it alongside. The same person was hired by the charterer to go in the vessel to the second port, to see to the finishing of the loading there. There was no other person to represent the charterer at either place. *Held:* That, if the master, while towing the sticks, lost them, without any negligence on his part, and undertook to tow them at the risk of the charterer at the request of the person alluded to, he would not be responsible for the loss. The circumstances of such person's position would allow him to represent the charterer to that extent.

ON EXCEPTIONS.

Assumpsit to recover balance of freight of schooner *Defiance* for transporting a cargo of ship timber from Marattico and

Dividing Creeks in Virginia, to Bath, Maine, in 1876. The writ was dated August 9, 1879. The verdict was for the plaintiff for one hundred and forty-seven dollars, and the defendant alleged exceptions which, with the facts relating thereto, are sufficiently stated in the opinion.

*Rice and Hall,* for the plaintiff.

*A. P. Gould,* for the defendant.

PETERS, C. J. The schooner *Defiance* was chartered by the defendant to carry a load of promiscuous timber from ports in Virginia to a port in Massachusetts or Maine. The master of the vessel took on board all the timber ready for him at Marattico Creek, excepting three sticks, which, for their unusual or inconvenient size, he alleges he could not load upon the vessel until she should be sunk deeper into the water by completing the loading at the other port. He therefore undertook to tow the sticks by the vessel from Marattico, down the Rappahannock river twenty-five miles, to Dividing Creek upon Chesapeake bay, and the sticks were lost during rough weather while being towed between the two ports.

The judge in his charge to the jury said : "Both parties are supposed to know, when the charter was made, the size, general appearance and general character of the vessel. The vessel should be in as good condition and equipment as vessels of her class and kind ordinarily are. If not in such a state of equipment, not provided with the means for doing the work to be done, the master who made the charter-party would be guilty of negligence, and, if that caused the injury, would be liable therefor." The defendant contends that to place the master's liability under the contract upon the basis of negligence, was misfitting ; that the duty to take the cargo was absolute and unconditional, whether the vessel was capable of so much burden or not. We do not think so. Negligence here is spoken of in the sense of omitting to perform a duty imposed by the contract. The ruling imputes negligence upon a supposition that the vessel is not in every way well fitted for a vessel of her class and size.

But the charter-party did not require the vessel to take timber too large for one of her tonnage. The master did not promise that the timber should be taken at all events. He was to take such a cargo as his vessel in a suitable condition could take. The defendant chartered the whole of the vessel, and was to pay for its use a given sum per ton for all that should be carried. The case in this respect does not differ from that of *Husten* v. *Richards*, 44 Maine, 182.

The charge contains the further ruling, that the jury should determine whether it was an act of negligence or not for the master to undertake to tow the timber from port to port. This was not correct. The true question upon the facts presented for the jury to decide was this : Upon whose risk was the towing of the sticks actually undertaken ? Was it upon the master's or the charterer's account?

If the master took the timber in tow upon the risk of its owner, and did not act negligently after taking it, he is exonerated from liability for its loss. The charter-party expressly excepts "the dangers of the seas, fire and navigation of every nature and kind." But we are of opinion that this clause did not of itself authorize the master to attempt to tow any timber anywhere ; that it does not refer to or contemplate such a thing ; and that the master took the timber in such way upon his own risk, unless it was done upon the risk of the defendant at the request of some person authorized to act in his behalf.

The plaintiff contends that a person by the name of Gregan assumed the responsibility of the act in behalf of the defendant, and that from his relations with the defendant Gregan had authority enough for the act. The defendant denies that any such authority belonged to Gregan. It appears that Gregan sold the timber in question to the charterer, and was to deliver it alongside the vessel. He was also hired by the defendant to accompany the vessel to Dividing creek and to see to the finishing of the loading there. There was no other person to represent the defendant at either place. He says he delivered the timber at Marattico as fast as it could be taken. We think it necessarily results, from his position with the parties, that Gregan could to

some extent deal with the master as an agent of the defendant. Of course, such limited and circumstantial authority would not justify the master in any extreme or clearly wrongful act, even if assented to by Gregan. But he could take a conditional delivery of the sticks from Gregan, and retain the right to return or leave them, if, without his own or the vessel's fault, he found upon experiment that he could not take them on board. And Gregan would be warranted in taking them back into his own custody, and if he did so, and then procured the plaintiff to take the timber in tow, we do not see how the master can be held answerable for the sticks that were lost in towing, unless some negligence of his, after taking them in tow, occasioned the loss.

*Exceptions sustained.*

WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.